IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Case No. 03-cv-00557-PSF-OES

RUSSELL M. BOLES,

      Plaintiff,

v.

GARY D. NEET,

      Defendant.

## ORDER STAYING CASE

This matter comes before the Court *sua sponte* for a stay of the case pending appeal.  On November 30, 2005, this Court entered its Order granting in part and denying in part Defendant Neet's motion for summary judgment (Dkt. # 172).  In that Order the Court set this case for a three-day trial commencing April 10, 2006, and a Final Trial Preparation Conference on March 31, 2006.  On December 28, 2005, Defendant Neet appealed from that portion of the Order denying his assertion of qualified immunity (Dkt. # 182).

In *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), the Supreme Court held that the denial of a defendant's motion for summary judgment based on qualified immunity was a collateral order for which interlocutory appeal was available.  In *Stewart v. Donges,* 915 F.2d 572 (10th Cir. 1990) the Tenth Circuit, recognizing that while such an appeal could divest the district court of jurisdiction, established a procedure by which a district court may maintain jurisdiction over a defendant if the district court certifies that the

defendant's appeal is frivolous. *Id.* at 576-78. As later described in *Langley v. Adams*, 987 F.2d 1473, 1477 (10th Cir. 1993), "[o]nce a district court so certifies a qualified immunity appeal as frivolous and thus regains jurisdiction, that does not affect our [Tenth Circuit] jurisdiction. Rather, both the district court and court of appeals shall have jurisdiction to proceed." (Internal quotation marks and citation omitted).

Plaintiff in the instant case has not requested this Court to certify whether Defendant Neet's qualified immunity appeal is frivolous, and the Court will not do so in the absence of a motion. The Court notes that on January 9, 2006, the parties apparently stipulated before the Magistrate Judge to a stay of discovery pending appeal (Dkt. # 193), but neither party has sought a stay or vacating of the trial in this Court pending appeal. Nonetheless, while the case is on appeal this Court does not have jurisdiction to hear plaintiff's First Amendment claim against Defendant Neet. Accordingly, the trial date and Final Trial Preparation Conference are stayed pending resolution of the appeal.

DATED: January 30, 2006

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge