IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 03-cv-00557-WYD-KLM

RUSSELL MARSHALL BOLES,

      Plaintiff,

v.

GARY D. NEET, et al.,

      Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
ON DEFENDANTS' MOTIONS TO DISMISS**

---

THIS MATTER is before the Court on Plaintiff Russell M. Boles' Objections to Magistrate's Recommendations, filed June 18, 2009 [#131]. Plaintiff objects to Recommendation of United States Magistrate Judge Kristen L. Mix, issued March 13, 2009 [#300] (hereinafter "Recommendation"), in which Magistrate Judge Mix recommends that Defendant's Combined Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment, filed November 3, 2008 [#277] be granted, and that Plaintiff's case be dismissed. *See* Recommendation at 23. Magistrate Judge Mix further recommends that Plaintiff's Motion to Reinstate R.L.U.I.P.A. Claim, filed February 17, 2009 [#289] and Plaintiff's Motion for Direct Estople [sic] per Doctrine of Res Judicata, also filed February 17, 2009 [#291], be denied. *Id.* These motions were referred to Magistrate Mix pursuant to memoranda

dated November 3, 2008, and February 18, 2009.  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b), Fed. R. Civ. P. 72, D.C.COLO.LCivR. 72.4.  After seeking several extensions of time, Plaintiff filed a timely Objection to the Recommendation on June 18, 2009, which necessitates a *de novo* review as to the specific portions of the Recommendation to which Plaintiff objects. Fed. R. Civ. P. 72(b).

By way of background, I note that Plaintiff is an Orthodox Jew who, at all times relevant to this matter, was incarcerated at the Fremont Correctional Facility.  Plaintiff filed his initial Complaint on April 1, 2003, and subsequently filed an Amended Complaint on November 3, 2003.  In the Amended Complaint, Plaintiff contends that, pursuant to 42 U.S.C. § 1983 and the First Amendment, his rights were violated when Defendant Warden Gary D. Neet, relying on prison transport regulation 300-37 RD, refused his request to wear certain religious garments while being transported to a hospital.  Defendant Neet moved for summary judgment based on qualified immunity, and District Judge Philip S. Figa denied the motion.  Defendant appealed, and the Tenth Circuit Court of Appeals affirmed the district court decision.  *See Boles v. Neet*, 486 F.3d 1177 (10th 2007).

In analyzing Defendant Neet's entitlement to qualified immunity, the Tenth Circuit first addressed whether Plaintiff alleged facts showing the violation of a constitutional right.  *Boles*, 486 F.3d at 1182.  Utilizing the four-part balancing framework set forth in *Turner v. Safely*, 482 U.S. 78, 89 (1987), the Tenth Circuit concluded that Defendant Neet had not established  the first prong of the *Turner* test, i.e. "whether a rational

connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification." *See Boles,* 486 F.3d at 1181, (citing *Turner*, 482 U.S. at 89-90).  The Tenth Circuit noted that Defendant Neet "has identified nothing, however, and we could find no evidence in the record of any penological objectives served by [Defendant's] actions." *Boles*, 486 F.3d at 1182.  While Defendant cited to several cases upholding prison regulations restricting the use of religious clothing out of concern that the clothing could be used to smuggle contraband, the Tenth Circuit found that "Warden Neet cannot base his entitlement to qualified immunity purely on the outcome of these other cases." *Id.* at 1183.  Thus, the district court decision denying qualified immunity was affirmed. *Id.* at 1184.

Following the untimely death of Judge Figa, this case was reassigned to me on January 8, 2008.  On November 3, 2008, Defendant Neet filed a second motion for summary judgment, which was referred to Magistrate Judge Mix.  This second motion for summary judgment included properly notarized affidavits of Defendant Neet and the CDOC Director of Prisons and other documents addressing the dangers faced by prison officials, inmates, and the public at large during prisoner transport.  In these affidavits, Defendant articulated that the purpose of the regulation at issue was to prevent escape and assaults during prisoner transport, and asserted that both the policy behind the regulation and the desire to prevent escape or assault during transport generally are rationally connected to a prohibition against prisoners wearing personal items during transport, including religious garments.

In her Recommendation, Magistrate Judge Mix found that, as to the first *Turner*

factor, "Defendant has provided a 'valid, rational connection' between the prohibition against wearing religious garments during transport, the goal of the regulation, and the prevention of escape and assault during transport generally."  Recommendation at 13. Magistrate Judge Mix further found that "Defendant also cites the valid goal of protecting the inmate as a basis for his conduct."  Recommendation at 14.  Magistrate Judge Mix then analyzed the remaining *Turner* factors and concluded that:

> Although not every *Turner* factor falls squarely in Defendant's favor, as recognized by the Tenth Circuit, Defendant's burden here is 'relatively limited.'  Moreover, I must accord 'substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them.  On balance, my analysis of the *Turner* factors reveals that the regulation and Defendant's ensuing conduct were reasonably related to a legitimate penological interest.

Recommendation at 20.  Magistrate Mix also found that even if Plaintiff sufficiently established a constitutional injury, Defendant would nevertheless be entitled to qualified immunity because Plaintiff could not show that the law governing the constitutional violation was "clearly established" at the time of the violation.  Recommendation at 20-23.  Finally, Magistrate Judge Mix denied Plaintiff's motion to reinstate his R.L.U.I.P.A. claim, which had already been dismissed as moot by Judge Figa, and denied Plaintiff's motion for direct estoppel per doctrine of res judicata, noting that the Tenth Circuit specifically stated that Defendant could reassert the issue of qualified immunity in a subsequent motion for summary judgment or trial.  *See* Recommendation at 23-24 (citing *Boles*, 487 F.3d at 1183).

Turning to the objections, I reiterate that I must conduct a *de novo* review only as to the specific portions of the Recommendation to which a party objects.  Fed. R. Civ. P. 72(b).  The party filing objections must specifically identify those findings or recommendations to which the objections are being made, and I will not consider frivolous, conclusive or general objections.  As an initial matter, I find that Plaintiff's objections are, in large part, general objections and are not focused on specific findings in the Recommendation.

It appears that Plaintiff objects to Magistrate Judge Mix's finding that the affidavits Defendant submitted in connection with the second motion for summary judgment were proper.  Objection at 2, 7-15.  Plaintiff states in his objection that "the post hoc rationalizations given in defense affidavits lack support and cannot be considered evidence," and that the affidavits "are not evidence."  Objection at 2, 8, and 14.  I disagree.  First, Federal Rule of Civil Procedure 56(e), the Rule governing Summary Judgment, provides that "[a] supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence and show that the affiant is competent to testify on the matters stated."  Plaintiff repeatedly refers to Federal Rule of Evidence 702,  the evidentiary rule dealing with expert testimony.  However, the evidence presented in the affidavits is not property classified as "scientific, technical, or other specialized knowledge" and, therefore Rule 702 does not apply.  I find that the affidavits submitted by Defendant meet the requirements of Rule 56(e) and constitute proper evidence in support of the second motion for summary judgment.

Plaintiff further objects that the affidavits submitted in connection with the second

motion for summary judgment have "been presented in one form or other to previous courts which have all found there to be a missing evidentiary nexus between the rationale and the record." Objection at 2. However, Plaintiff offers no support for this statement, and does not specify what, specific information in the affidavits has been presented to other courts, and does not cite any cases. Therefore, I find this objection to be without merit.

I also reject Plaintiff's contention that the second summary judgment motion was improper and should be quashed. Objection at 7-12. The Tenth Circuit denied Defendant's initial request for qualified immunity because Defendant failed to identify the specific penological interests served by his decision, and merely cited to the interests identified by other state actors in other cases. At the same time, the Tenth Circuit recognized that Defendant "may adduce additional facts in support of a later summary judgment motion." This is precisely what Defendant has done. There is nothing improper about the submission of Defendant's second motion for summary judgment.

Plaintiff next objects to the rationale set forth in the affidavits, and asserts that the religious garments in question are made of very thin material and "so constructed to not be a very likely place to hide weapons or contraband." Objection at 12-14. Even assuming that this is the case, I note that Defendant's burden of articulating a legitimate penological interest to justify his actions is "relatively limited." *See Boles*, 486 F.3d at 1182. Upon review of the affidavits and supporting documentation submitted in connection with Defendant's second motion for summary judgment, I find that

Defendant has met his limited burden of establishing that his actions were motivated by legitimate penological concerns.  Plaintiff additionally contends that Defendant could meets it objective of preventing escape during prisoner transport by issuing prisoners hunter orange caps, which would match their hunter orange prison jumpsuits, as an alternative to wearing a traditional black yarmulke.  Objection at 12-14.  However, I agree with Magistrate Judge Mix, that while "it is apparent that the [prison regulation at issue], while not the least restrictive means, was not exaggerated or unreasonable in light of the security issues associated with transporting inmates.  Because the regulation at issue and Neet's conduct bear a reasonable relationship to legitimate penological interests and objectives of prison security, he is entitled to qualified immunity."  Recommendation at 16.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge and Order on Plaintiff's Motions #289 & #291, issued March 13, 2009 [#300], is **AFFIRMED AND ADOPTED**, and Plaintiff Russell M. Boles' Objections to Magistrate's Recommendations, filed June 18, 2009 [#131] are **OVERRULED**.  In accordance there with, it is

FURTHER ORDERED that Plaintiff's Motion to Reinstate R.L.U.I.P.A. Claim, filed February 17, 2009 [#289] and Plaintiff's Motion for Direct Estople [sic] per Doctrine of Res Judicata, also filed February 17, 2009 [#291], are **DENIED**.  It is

FURTHER ORDERED that Defendant's Combined Motion for Summary Judgment and Memorandum Brief in Support of Motion for Summary Judgment, filed

November 3, 2008 [#277] is **GRANTED**, and that Plaintiff's case is dismissed.

Dated:  September 29, 2009

BY THE COURT:


s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge